IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VINCENT HINES                                                                                         PETITIONER

v.                                    NO. 5:12CV00321 JLH/HDY

RAY HOBBS, Director of the                                                                  RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, Arkansas 72201-3325

DISPOSITION

In June of 1991, petitioner Vincent Hines ("Hines") pleaded nolo contendere in Jefferson County, Arkansas, Circuit Court to two counts of capital murder and was sentenced to the custody of respondent Ray Hobbs ("Hobbs"). Hines did not appeal any aspect of his plea or sentence and never sought post-conviction relief.

In September of 1998, Hines filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Hines v. Norris, 5:98CV00402 BRW. In the petition, his only claim was that he was "denied his right to counsel on [a] post-trial motion." See 5:98CV00402, Document 2 at 4.[1] The undersigned recommended that Hines' petition be dismissed because it was barred by limitations, and United States District Judge Billy Roy Wilson agreed. He dismissed Hines' petition in November of 1998.

In August of 2012, Hines filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b), a submission the Clerk of the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. Hines filed the submission in reliance upon Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and asked that 5:98CV00402 be reopened and the court consider whether he had the right to effective counsel at the post-conviction stage of the criminal process.

---

[1] Hines maintained that he was denied his right to counsel at a critical stage of the criminal proceeding, that being, during the period in which he could have filed a motion for new trial and challenged his trial attorney's representation.

Hobbs responded to Hines' petition by filing the pending motion to dismiss. See Document 8. Hobbs maintained in the motion that Hines' petition should be dismissed for the following reason: "… Because Hines' first petition for federal habeas corpus relief was dismissed as time-barred, and, as he has not yet obtained permission from the Eighth Circuit Court of Appeals to file his current application, … this Court is without jurisdiction to adjudicate any of the claims presented here …" See Document 8 at 2. In a footnote, Hobbs also maintained that Hines' reliance on Martinez v. Ryan was misplaced because 5:98CV00402 was dismissed because it was barred by limitations, not because of a procedural bar.

Before giving Hobbs' assertion serious consideration, the undersigned invited Hines to file a response to the motion to dismiss. Hines accepted the invitation by filing a response in which he first maintained that he is not required to seek permission from the Court of Appeals to file a motion pursuant to Rule 60(b). He also again maintained that 5:98CV00402 should be reopened and the court consider whether he had the right to effective counsel at the post-conviction stage of the criminal process.[2]

---

2

In the response, Hines also noted the following:

> Hines did recently ask [the Court of Appeals for] permission to file a "second" habeas raising new grounds not raised in his 1998 petition. In that proceeding, [Hobbs] successfully argued [that] Hines' Application for Permission to file [a] Successive Habeas was a Rule 60(b) motion.
>
> The [Court of Appeals] denied Hines' request to add "new grounds."

See Document 11 at 6.

The proper characterization of Hines' initial submission is the subject of some dispute. He maintains that it is a motion pursuant to Rule 60(b) and permission from the Court of Appeals to file it is not required; Hobbs maintains that Hines' initial submission is a petition pursuant to 28 U.S.C. 2254 and permission from the Court of Appeals to file it is indeed required. The resolution of such a dispute can be quite involved.[3] Rather than explore that issue in detail, though, the undersigned simply assumes that Hines' initial submission is a motion pursuant to Rule 60(b) and permission to file it is not required. Having done so, and for the reason that follows, the undersigned recommends that Hobbs' motion to dismiss be granted and Hines' Rule 60(b) motion be denied.

---

3

In Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009), the Court of Appeals offered the following guidance in resolving such a dispute:

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim on the merits." Gonzalez, 545 U.S. at 530 ... "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. 2254(a) and (d)." Id. at 532 n. 4 ... When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.
>
> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." Id. at 532 ... Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at n. 4. This reasoning is illustrated in Gonzalez, in which the petitioner moved for relief from judgment challenging the district court's determination that his habeas petition was time barred under AEDPA. Because the motion challenged only the statute of limitations that applied to the habeas proceeding and did not assert a claim, the Supreme Court held that it was not a second or successive habeas petition. Id. at 535-36 ...

Hines maintains that Martinez v. Ryan announced a new rule of law. His reliance upon Martinez v. Ryan, though, is misplaced as it has no application in this instance.

In Martinez v. Ryan, the United States Supreme Court created a narrow exception to the rule most recently announced in Coleman v. Thompson, 501 U.S. 722 (1991), i.e., there is no constitutional right to an attorney in state post-conviction proceedings and counsel's deficient performance at that stage of the criminal process does not excuse a procedural default. The exception recognized in Martinez v. Ryan is as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

See Id., 132 S.Ct. at 1320. It only applies, though, to "a prisoner's procedural default of a claim of ineffective assistance at trial." See Id. at 1315. See also Dansby v. Norris, 682 F.3d 711 (8th Cir. 2012); Kemp v. Hobbs, 2012 WL 2505229 (E.D.Ark. 2012) (Marshall, J.).[4]

---

[4]

In Dansby v. Norris, the Court of Appeals noted that Martinez v. Ryan did not change the circuit precedent announced in Wooten v. Norris, 578 F.3d 767 (8th Cir. 2009), that being, ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse a default.

In Kemp v. Hobbs, United States District Judge D. P. Marshall Jr. noted that Martinez v. Ryan did not change the law announced in Coleman v. Thompson but recognized a narrow exception. Judge Marshall noted that in Martinez v. Ryan, the United States Supreme Court declined to resolve "whether a prisoner has a right to effective counsel in collateral proceedings which provides the first occasion to raise a claim of ineffective assistance at trial." See Kemp v. Hobbs, 2012 WL 2505229 at 9. Because Martinez v. Ryan is not applicable in this instance, the controlling precedent is that announced in Coleman v. Thompson.
...
...

Martinez v. Ryan does not warrant reopening 5:98CV00402 for the simple reason that the narrow exception announced in that decision has no application in this instance. As Hobbs correctly points out, 5:98CV00402 was not dismissed "on the basis of Hines' procedural defaults in state court . . ." See Document 9 at 2 n.1. Rather, 5:98CV00402 was dismissed because it was barred by limitations. Nothing about Martinez v. Ryan will change that result.

The undersigned recommends that Hobbs' motion to dismiss be granted, see Document 8, and Hines' motion pursuant to Rule 60(b) be denied. Judgment should be entered for Hobbs.

DATED this ___24___ day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE